JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON D. STOWERS,<br><br>        Plaintiff,<br><br>        v.<br><br>THE STATE OF CALIFORNIA JUDICIAL SYSTEM,<br><br>        Defendant. | Case No. EDCV 21-2003-ODW (PVC)<br><br>**ORDER SUMMARILY DISMISSING ACTION WITHOUT LEAVE TO AMEND** |

    Plaintiff Alton D. Stowers, a California state pretrial detainee, constructively filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 on November 22, 2021.[1] (Complaint, Dkt. No. 1). Plaintiff did not pay the full filing fee or submit a request to proceed *in forma pauperis* with the Complaint, and despite being notified of the omission by the Court Clerk, to date has not remedied the error. (*See* Dkt. No. 2). In these circumstances, the Court would typically order Plaintiff to pay the filing fee or file an IFP application within thirty days, barring which the action would be summarily dismissed. However, because the Complaint is utterly frivolous and Plaintiff is not entitled to relief

---

[1] The "mailbox rule" announced by the Supreme Court in *Houston v. Lack*, 487 U.S. 266 (1988), applies to section 1983 cases. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). Pursuant to the mailbox rule, *pro se* prisoner legal filings are deemed filed on the date the prisoner delivers the document to prison officials for forwarding to the court clerk. *Id.* Plaintiff signed the Complaint on November 22, 20221, which the Court adopts as the Motion's constructive filing date. (Complaint at 3).

under any circumstances, even if Plaintiff did move to proceed IFP, the application would be denied. As such, it is futile to delay the dismissal of this action any longer. Accordingly, for the reasons stated below, this action is immediately DISMISSED without leave to amend.

### A. Screening Authorization And Standard

Under Federal Rule of Civil Procedure 12(b)(6), "'[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . . .'" *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (quoting *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981)). Generally, "the district court must give notice of its *sua sponte* intention to dismiss and provide the plaintiff with 'an opportunity to at least submit a written memorandum in opposition to such motion.'" *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Wong*, 642 F.2d at 362 and affirming trial court's *sua sponte* dismissal of counterclaim on the ground that the court lacked authority to grant relief requested by plaintiff)). However, the Ninth Circuit has upheld even *sua sponte* dismissals of claims or actions "without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in *Omar* and noting that a *sua sponte* dismissal in the appropriate context "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). Indeed, trial courts may even dismiss claims *sua sponte* under Rule 12(b)(6) without leave to amend. *See Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 979 (S.D. Cal. 1998), *aff'd sub nom. Ricotta v. State of Calif.*, 173 F.3d 861 (9th Cir. 1999) (dismissing *sua sponte* RICO claim brought by California resident proceeding *pro se* where "under no circumstances can Plaintiff state a RICO claim based on the alleged acts of the Defendants"). "*Sua sponte* dismissal may be made before process is served on defendants." *Herrejon v. Ocwen Loan Servicing, LLC*,

980 F. Supp. 2d 1186, 1194 (E.D. Cal. 2013) (dismissing California resident *pro se* claims *sua sponte* under Rule 12(b)(6) and entering judgment in favor of defendants prior to service of complaint where complaint failed to allege viable claims).

When a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim that were not initially pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi*, 839 F.2d at 623 (citation and internal quotation omitted).

### B. Allegations Of The Complaint

In his three-page Complaint, Plaintiff brings a facial challenge to the constitutionality of California's Three Strikes Law in a putative class action against the "State of California Judicial System." (Complaint at 1). Plaintiff summarily contends, without further factual context or legal support, that "[n]o judge or court should be able to tell an individual how many times they can break a given law. As there are already in place low, middle and high terms on sentencing, each crime should have its own term not being 'enhanced' or '3 Strike enhanced.'" (*Id.* at 2). As such, Plaintiff maintains that California's Three Strikes Law should be declared unconstitutional "retroactively" because it violates "civil rights 1-15 and [unidentified] civil liberties 'ganrunteed' [sic] by the United States Constitution."[2] (*Id.* at 1).

---

[2] It is possible, though by no means certain, that by "civil rights 1-15," Plaintiff may be referring to rights guaranteed under the First through the Fifteenth Amendments. Elsewhere in the Complaint Plaintiff asserts that California's Three Strikes Law goes against "our fundamental right and privilege to be guaranteed these [civil and

3

Plaintiff requests that the Courts of California be required to "remove 3 strikes retroactively," (*id.* at 3), including in his own case. (*Id.* at 2). Plaintiff further seeks a monetary award of $100,000 in compensatory damages for intentional infliction of emotional distress. (*Id.* at 3).

### C. Plaintiff's Claims Are Frivolous And Amendment Would Be Futile

The Complaint suffers from many incurable defects that warrant immediate dismissal of this action. Plaintiff's sole constitutional claim is a facial challenge to the constitutionality of California's Three Strikes Law. A constitutional challenge is "'facial' [if] . . . it is not limited to plaintiffs' particular case, but challenges application of the law more broadly . . . ." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010); *see also Young v. Hawaii*, 992 F.3d 765, 779 (9th Cir. 2021) (*en banc*) ("A facial challenge is a claim that the legislature has violated the Constitution, while an as-applied challenge is a claim directed at the execution of the law."). Facial challenges are disfavored. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008). "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *accord Young*, 992 F.3d at 779 ("Because a facial challenge is directed to the legislature, the plaintiff must show that 'no set of circumstances exists under which the [statute] would be valid[.]'") (brackets in original; internal citation omitted); *Duncan v. Bonta*, 19 F.4th 1087, 1101 (9th Cir. 2021) (*en banc*); *see also Issacson v. Horne*, 716 F.3d 1213, 1230-31 (9th Cir. 2013) (*Salerno*'s "no set of circumstances" standard applies to all facial challenges except in First Amendment and abortion cases). "[A] generally applicable statute is not facially invalid unless the statute 'can *never* be applied in a constitutional manner,'" *United States*

---

constitutional] rights by our government and the first 10 Amendments of the United States Constitution." (Complaint at 3).

*v. Kaczynski*, 551 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Lanier v. City of Woodburn*, 518 F.3d 1147, 1150 (9th Cir. 2008) (emphasis in original)), or "lacks any 'plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 472 (2010) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 740 n.7 (1997) (Stevens, J., concurring in judgments) (internal quotation marks omitted)). A court's review of a facial challenge is "'limited to the text of the statute itself,' and Plaintiffs' (and amici's) individual circumstances do not factor into [the] analysis." *Duncan*, 19 F.4th at 1101 (quoting *Young*, 992 F.3d at 779).

Even if Plaintiff had attempted to identify the specific "civil and constitutional" rights that California's Three Strikes Law purportedly violates and explained how it violates them, which he did not, his blanket challenge, which seeks to invalidate California's Three Strikes Law in all circumstances, necessarily fails because the United States Supreme Court has expressly upheld the constitutionality of California's Three Strikes Law. *See Ewing v. California*, 538 U.S. 11, 24-28 (2003) (repeat offender's sentence of 25 years-to-life for theft of three golf clubs under California's Three Strikes Law did not violate the Eighth Amendment's prohibition on cruel and unusual punishment); *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (California state court's affirmance of two consecutive 25-years-to-life sentences for third-strike petty theft of five videotapes was not contrary to or an unreasonable application of federal law). Because lower federal courts are bound by the Supreme Court's decisions, Plaintiff's facial challenge, completely devoid of facts or context, cannot show that there is no set of circumstances in which California's Three Strikes Law may be constitutionally applied. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (lower courts should "'leav[e] to this Court the prerogative of overruling its own decisions'") (quoting *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989)).

The Complaint fails in other regards as well. In both the caption and the first

sentence of the Complaint, Plaintiff styles his challenge to California's Three Strikes Law as a "class action lawsuit." (Complaint at 1). However, because Plaintiff is proceeding *pro se*, he can bring suit only to redress harms that he personally suffered. "It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Furthermore, the sole named Defendant -- the State of California Judicial System -- is immune from suit under the Eleventh Amendment to the extent that Plaintiff seeks monetary damages or retrospective declaratory relief. The U.S. Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Actions against state courts, like other arms of the state government, "are barred by the Eleventh Amendment." *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021), *cert. denied*, 2022 WL 199398 (U.S. Jan. 24, 2022) (Eleventh Amendment sovereign immunity applied to state court judge sued in his official capacity in suit challenging constitutionality of state statute).

Because Plaintiff has neither paid the full filing fee nor filed an application to proceed IFP, this case cannot go forward. However, even if Plaintiff filed an adequately-supported IFP application, it would be denied as frivolous because Plaintiff's cursory challenge to the constitutionality of California's Three Strikes Law has already been

1  adjudicated by the United States Supreme Court. Accordingly, this action is immediately
2  DISMISSED without leave to amend.

    IT IS SO ORDERED.

Dated: February 7, 2022

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE